Filed 8/6/13  In re D.G. CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| In re D.G., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>          v.<br><br>D.G.,<br><br>    Defendant and Appellant. | F066405<br><br>(Super. Ct. No. 11CEJ600879-1V2)<br><br>**OPINION** |

### THE COURT*

APPEAL from a judgment of the Superior Court of Fresno County.  Kimberly A. Gaab, Judge.

Donna J. Hooper, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

*        Before Gomes, Acting P.J., Kane, J., and Franson, J.

Appellant, D.G., a minor, was initially adjudged a ward of the juvenile court on November 28, 2011, following her adjudication of robbery (Pen. Code, § 211). The court declared the offense to be a felony and placed appellant on probation.

On August 1, 2012,[1] appellant admitted allegations that she violated her probation by failing to attend and complete her court-ordered anger management program, obey directives of the probation department, obey all laws, and refrain from associating with her coparticipants in the robbery of which she was adjudicated. That same date, the court readjudged appellant a ward of the court, continued her on probation and ordered that she participate in the Girl's Treatment Program.

On November 7, a supplemental wardship petition was filed in which it was alleged appellant violated her probation by failing to obey all laws and "[f]ail[ing] to refrain from possessing stolen property." On November 28, appellant admitted the latter allegation. At the disposition hearing on December 12, the court ordered appellant committed to the Department of Corrections and Rehabilitation, Division of Juvenile Facilities (DJF) and set appellant's maximum period of confinement at five years, less 235 days credit for time served. The instant appeal followed.

Appellant's appointed appellate counsel has filed an opening brief which summarizes the pertinent facts, with citations to the record, raises no issues, and asks that this court independently review the record. (*People v. Wende* (1979) 25 Cal.3d 436.) Appellant has not responded to this court's invitation to submit additional briefing. We affirm.

---

[1] Further references to dates of events are to dates in 2012.

2

**FACTS[2]**

According to a Fresno Police Department (FPD) report, on November 1, FPD officers, responding to a report of a robbery at a restaurant, made contact with the victim, who told officers the following: She was sitting outside the restaurant with a companion, waiting for a table, with her purse positioned between her legs and her cell phone in her hand, when appellant and two males sat down next to her. Thereafter, appellant "stood up and grabbed the victim's purse and ran away." The two males "followed [appellant] and one of the males grabbed the victim's cell phone out of her hand and also ran away."

The report further states the following: Officers, after speaking with the victim, saw appellant, "who matched the description of the female in the call," along with "other subjects," near the restaurant. Appellant and "an adult male" ran from the officers and the officers gave chase. Appellant and the adult male "were subsequently caught and detained." The victim's cell phone was found near the spot where appellant was apprehended. The victim's companion identified appellant "during an 'infield [*sic*] line-up.'"

Appellant was 17 years old at the time of the events described above.

---

**2**    Because the instant appeal is limited to the disposition order of December 12, which arose out of appellant's second violation of probation, we forgo summary of the facts of the underlying offense and the previous probation violation and we limit our factual summary to the facts giving rise to the second probation violation. (See *People v. Glaser* (1965) 238 Cal.App.2d 819, 821, disapproved on other grounds in *People v. Barnum* (2003) 29 Cal.4th 1210, 1218–1219, 1225 ["Although an appeal may lie from a subsequent order, which revokes probation and places the sentence into effect, the matters arising prior to pronouncement of judgment cannot thereby be reviewed"].) Our factual summary is taken from the report of the probation officer filed November 14.

## DISCUSSION

Following independent review of the record, we have concluded that no reasonably arguable legal or factual issues exist.

## DISPOSITION

The judgment is affirmed.